Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394; (866) 596-4973
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

LORETTA WILSON, on behalf of herself and all others similarly situated,

Plaintiff(s),

-against-

CREDIT BUREAU OF NAPA COUNTY, INC. d/b/a CHASE RECEIVABLES and JOHN DOES 1-25,

Defendant(s).

Civil Case Number: _____

## CIVIL ACTION

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## LOCAL CIVIL RULE 10.1 STATEMENT

1.    The mailing addresses of the parties to this action are:

LORETTA WILSON
299 Halladay Street
Jersey City, NJ  07304

CREDIT BUREAU OF NAPA COUNTY, INC.
1247 Broadway
Sonoma, CA 95476

## PRELIMINARY STATEMENT

2.    Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and

through her attorneys, alleges that the Defendant, CREDIT BUREAU OF NAPA COUNTY, INC.

d/b/a CHASE RECEIVABLES ("CHASE RECEIVABLES") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.      Plaintiff is a natural person, a resident of Hudson County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      CHASE RECEIVABLES maintains a location at 1247 Broadway, Sonoma, California 95476.

8.      CHASE RECEIVABLES uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.      CHASE RECEIVABLES is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.    John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from CHASE RECEIVABLES, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least thirty (30) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRPC Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    i.    Whether the Defendants violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692g *et seq.*, and § 1692e *et seq.*:

    ii.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv.    Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14.     A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16.     Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.     At some time prior to October 17, 2017, Plaintiff allegedly incurred a financial obligation to MONROE & MAIN - DMS ("MONROE & MAIN").

19.     The MONROE & MAIN obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20.     Plaintiff incurred the MONROE & MAIN obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21.     The MONROE & MAIN obligation did not arise out of a transaction that was for non-personal use.

22.     The MONROE & MAIN obligation did not arise out of a transaction that was for business use.

23.     The MONROE & MAIN obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     MONROE & MAIN is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.     On or before October 17, 2017, the MONROE & MAIN obligation was referred to CHASE RECEIVABLES for the purpose of collection.

26.     At the time the MONROE & MAIN obligation was referred to CHASE RECEIVABLES the MONROE & MAIN obligation was past due.

27.     At the time the MONROE & MAIN obligation was referred to CHASE RECEIVABLES the MONROE & MAIN obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

28.     Defendants caused to be delivered to Plaintiff a letter dated October 17, 2017, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

29.     The October 17, 2017 letter was sent to Plaintiff in connection with the collection of the MONROE & MAIN obligation.

30.     The October 17, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31.     The October 17, 2017 letter is the initial written communication sent from Defendant to the Plaintiff.

32.     Upon receipt, Plaintiff read the October 17, 2017 letter.

33.    The October 17, 2017 letter contained the Defendant's contact information at the

top of the letter:

CHASE RECEIVABLES
247 BROADWAY
SONOMA CA 95476-7503

Office Hours:  M-TH – 8:00am – 8:00pm EST
              Fri – 8:00am – 5:30pm EST

34.    Defendant's toll free telephone number (877-256-2510) appears at least four times

in the October 17, 2017 letter.

35.    The October 17, 2017 letter stated in part:

THIS DEBT HAS BEEN REFERRED TO THIS OFFICE FOR
COLLECTION.

THE RECORDS OF THE ABOVE NAMED CREDITOR SHOW
THAT THIS DEBT IS *PAST DUE*

Unless you notify this office within 30 days after receiving this
notice that you dispute the validity of this debt, or any portion
thereof, this office will assume this debt is valid. If you notify this
office in writing within 30 days from receiving this notice that you
dispute the validity of this debt, or any portion thereof, this office
will obtain verification of the debt or obtain a copy of a judgment
and mail you a copy of such judgment or verification. If you request
of this office in writing within 30 days after receiving this notice,
this office will provide you with the name and address of the original
creditor, if different from the current creditor.

36.    The October 17, 2017 letter also stated in part:

**If you would like to submit a dispute you can call us at 877-256-
2510** or send it by mail to:
                   CHASE RECEIVABLES
                   1247 Broadway
                   Sonoma CA 95476-7503
                   877-256-2510
                   (emphasis added).

37.    Section 1692g(a)(3)of the FDCPA requires to debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt... send the consumer a written notice containing ---
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

38.    A dispute of a debt, to be effective, in the Third Circuit, must be in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). *Caprio v. Healthcare Revenue Recovery Group*, 709 F.3d 142 (3d Cir. March 1, 2013).

39.    CHASE RECEIVABLES knew or should have known that its actions violated the FDCPA.

40.    Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

41.    It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt in violation of U.S.C. § 1692e(10); and

(b)    Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(3);

42.    Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 30 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

43.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

44.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

45.     The October 17, 2017 letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such disputes *must* be in writing.

46.     The least sophisticated consumer upon reading the October 17, 2017 letter would be confused as to what he or she must do to effectively dispute the alleged debt.

47.     The least sophisticated consumer wishing to dispute the alleged debt would be confused as to what steps he or she should take to notify Defendants of his or her dispute and might erroneously believe that the debt could simply be disputed with a phone call

48.     The least sophisticated consumer upon reading the instructions in the October 17, 2017 letter would be misled into believing that if he or she wished to effectively dispute the alleged debt or any portion thereof, he or she (1) could notify the Defendant by calling the telephone number provided: or (2) could write to Defendant at the address listed on the letter.

49.     Defendants' instructions in the October 17, 2017 letter would cause the least sophisticated consumer to be confused and uncertain as to what he or she must do to effectively dispute the alleged debt.

50.     A dispute of a debt, to be legally effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991). Caprio v. Healthcare Revenue Recovery Group, 709 F.3d 142 (3d Cir. March 1, 2013).

51.     The Third Circuit uses the "least sophisticated consumer" standard to determine whether a validation notice is overshadowed or contradicted.

52.     Defendants violated 15 U.S.C. § 1692g(a) and § 1692g(a)(3) by employing language (dispute debt by phoning) that overshadowed, contradicted and confused the Validation Notice of the October 17, 2017 letter thereby ineffectively and erroneously communicating to the Plaintiff what actions were needed to dispute the alleged debt.

53.     Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt

54.     Defendants violated 15 U.S.C. § 1692e(10)by falsely representing and misleading Plaintiff and others similarly situated into believing that if he or she wished to dispute the alleged debt or any portion thereof, that he or she may either: (1) notify Defendants by calling the telephone number provided; or (2) write to Defendants at the address listed in the letter, because calls are legally ineffective to dispute debts.

55.     The October 17, 2017 letter is deceptive because the instructions can be read to have two or more different meanings one of which is inaccurate, that is that Plaintiff could have disputed the debt by making a telephone call.

56.     The October 17, 2017 letter can be read to mean that the alleged debt may be disputed by calling Defendants at the telephone number provided.

57.     The October 17, 2017 letter can also be read to mean that the alleged debt can be disputed by notifying Defendants in writing at the address provided.

58.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

59.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

60.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

61.    Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

62.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

63.    Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and  her attorneys as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

Dated: June 12, 2018

Respectfully submitted,

By:  /s/ Ben A. Kaplan
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394; (866) 596-4973
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court,

arbitration or administrative proceeding.

Dated: June 12, 2018

/s/ Ben A. Kaplan
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394; (866) 596-4973
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

# EXHIBIT A



**CHASE RECEIVABLES**
1247 BROADWAY
SONOMA CA 95476-7503

Office Hours:  M-TH 8:00am - 8:00pm EST
                     Fri - 8:00am - 5:30pm EST

Date:                          October 17, 2017
Creditor:                     MONROE & MAIN - DMS
Creditor Account #:     ~~3586120~~6110
Account #:                  14909433
TOTAL BALANCE:        $244.85

Dear LORETTA WILSON,

THIS DEBT HAS BEEN REFERRED TO THIS OFFICE FOR COLLECTION.
THE RECORDS OF THE ABOVE NAMED CREDITOR SHOW THAT THIS DEBT IS
*PAST DUE*

===============================================================================================

WE ARE PROUD OF OUR REPUTATION BY TREATING PEOPLE WITH THE UTMOST RESPECT AND COURTESY.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you would like to submit a dispute you can call us at 877-256-2510 or send it by mail to:
CHASE RECEIVABLES
1247 BROADWAY
Sincerely,                    SONOMA CA 95476-7503
Laura Dye                     877-256-2510

You have 6 payment options:
1. Send us a check. Make all checks payable to MONROE & MAIN - DMS and send to the payment address above.
2. Pay via a Credit Card.
3. Pay via Western Union-(City Code =Chase Receivables, Score CA.)
4. Pay via the web www.chaserec.com  PIN#54146
5. Use 877-256-2510 and one of our representatives will be happy to assist you.
6. Electronic Check Payments can be done over the phone.

THIS COMMUNICATION  IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.

-------------------------------------------------------------------------------------------------
PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT                                132269-CHR301-AF-247
-------------------------------------------------------------------------------------------------

                              **Toll Free Number:**  877-256-2510
                              **Office Hours:**          M-TH 8:00am - 8:00pm EST
CHASE RECEIVABLES                                         Fri - 8:00am - 5:30pm EST
1247 BROADWAY
SONOMA CA 95476-7503

| NOTICE DATE | PAY THIS AMOUNT | ACCOUNT # |
|---|---|---|
| 10/17/17 | $244.85 | ~~12909~~9433 |

**Send Payments and Correspondence to:**

LORETTA WILSON                    CHASE RECEIVABLES
PO BOX 15158                      1247 BROADWAY
JERSEY CITY NJ  07305-5158       SONOMA CA 95476-7503



1 of 1

JS 44  (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LORETTA WILSON, individually and on behalf of all others similarly situated

**DEFENDANTS**
CREDIT BUREAU OF NAPA COUNTY, INC. d/b/a/ CHASE RECEIVABLES and JOHN DOES 1-25

**(b)** County of Residence of First Listed Plaintiff   Hudson County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Chulsky Kaplan LLC
280 Prospect Ave. 6G
Hackensack, NJ 07601

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government        ☒ 3   Federal Question
       Plaintiff                   *(U.S. Government Not a Party)*

❏ 2   U.S. Government        ❏ 4   Diversity
       Defendant                   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | ❏ 690 Other | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 840 Trademark | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | Relations | ❏ 864 SSID Title XVI | Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 751 Family and Medical | | ❏ 891 Agricultural Acts |
| | ❏ 362 Personal Injury - | Product Liability | Leave Act | | ❏ 893 Environmental Matters |
| | Medical Malpractice | | ❏ 790 Other Labor Litigation | | ❏ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❏ 870 Taxes (U.S. Plaintiff | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | or Defendant) | ❏ 899 Administrative Procedure |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | Act/Review or Appeal of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding   ❏ 2 Removed from State Court   ❏ 3 Remanded from Appellate Court   ❏ 4 Reinstated or Reopened   ❏ 5 Transferred from Another District *(specify)*   ❏ 6 Multidistrict Litigation - Transfer   ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
FDCPA violation

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
06/12/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Ben Kaplan

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____